UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHIRLEY A. JOHNSON,

                Plaintiff,

     v.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

                Defendants.

CASE NO. 2:24-cv-00491-LK

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND
IMPOSING SANCTIONS

       This matter comes before the Court on Plaintiff Shirley A. Johnson's Motion to Remand. Dkt. No. 41. For the reasons discussed below, the Court finds that Defendant Puget Sound Commerce Center, Inc. ("PSCC") filed a timely notice of removal pursuant to 28 U.S.C. § 1446(b)(3), and therefore denies Johnson's motion.[1] However, because PSCC has twice violated the Court's Standing Order prohibiting citations in footnotes, Dkt. No. 10 at 5, and violated the Court's subsequent order requiring it to remove such footnotes from its response brief, Dkt. No. 53, the Court imposes sanctions of $250.

---

[1] Because the Court can decide this matter based on the parties' submissions, it denies PSCC's request for oral argument. *See* Dkt. No. 55-1 at 1.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND IMPOSING SANCTIONS - 1

# I.   BACKGROUND

## A.   State Court Procedural History

Johnson initiated this action in King County Superior Court on January 24, 2023, as the personal representative of the estate of Lonnie Stubblefield, Sr. Dkt. No. 1-2 at 1. She alleges that Stubblefield, who developed mesothelioma and passed away on December 31, 2022, died as a result of his exposure to asbestos from products on Defendants' premises or projects. *Id.* at 3. Specifically, she claims that Stubblefield was exposed to asbestos from the "1960[]s to 1980" while doing environmental clean-up and working as a ship scaler in "[v]arious commercial and industrial facilities in Washington State." *Id.* Johnson filed an amended complaint in state court on February 14, 2024, adding two named defendants and one place of exposure. Dkt. No. 1-3 at 1–3. Johnson lists seven facilities as places of exposure: Lockheed Shipyard, Todd Shipyard, and Lake Union Drydock in Seattle, Washington; Tacoma Boat, ASARCO, and Simpson/St. Regis in Tacoma, Washington; and Weyerhaeuser in Snoqualmie, Washington. *Id.* at 3. She alleges that the 19 named Defendants "and their predecessors-in-interest are corporations who, at all relevant times, manufactured, sold, distributed, installed, specified, or purchased asbestos-containing products or products that were used in conjunction with asbestos, or used asbestos products on its premises or projects." *Id.* at 2. And although these facilities appear to have contracted with the U.S. Navy during the relevant period, *see, e.g.*, Dkt. No. 30-1 at 849–50; Dkt. No. 42 at 50–182, Johnson's pleadings do not allege whether Stubblefield worked on any U.S. Navy vessels or projects at the named exposure sites, *see generally* Dkt. Nos. 1-2, 1-3.

As relevant here, Johnson served PSCC, which is being sued as a successor-in-interest to Todd Shipyard, with her original complaint on January 27, 2023. Dkt. No. 2-1 at 12; *see* Dkt. No. 1 at 2. PSCC filed an answer on March 28, 2023, Dkt. No. 30-1 at 238–48, and answered her amended complaint in state court on February 27, 2024, *id.* at 578–88. Thereafter, the parties began

1    exchanging discovery. *See, e.g.*, *id.* at 844–64 (Johnson's May 16, 2023 "Responses to Style

2    Interrogatories"); Dkt. No. 42 at 8–10 (excerpts of Johnson's second set of interrogatories and

3    requests for documents propounded to PSCC on May 16, 2023).

4    **B.      PSCC's Removal and Johnson's Motion to Remand**

5           On April 11, 2024, PSCC removed the case to federal district court pursuant to 28 U.S.C.

6    § 1442(a)(1) following its receipt of certain information from Stubblefield's brother, Robert

7    Stubblefield, who worked together with Lonnie. Dkt. No. 1 at 1–2, 4. PSCC avers that its removal

8    was timely under 28 U.S.C. § 1446(b)(3) because Robert Stubblefield's March 7, 2024

9    declaration[2] (served on PSCC on March 15, 2024) and his subsequent deposition testimony stating

10   that he and his brother worked on Navy ships at Todd Shipyard constituted "the first unequivocally

11   clear and certain information" that removal under Section 1442 was warranted. Dkt. No. 1 at 3;

12   *see* Dkt. No. 2-1 at 20–23 (Robert Stubblefield Declaration); Dkt. No. 2-1 at 33–36, 38–47, 50–51

13   (transcript of deposition testimony of Robert Stubblefield).

14          On April 26, 2024, Johnson timely moved to remand the case to King County Superior

15   Court pursuant to 28 U.S.C. § 1447(c). Dkt. No. 41. She describes PSCC's removal as "grossly

16   untimely" and contends that "PSCC received documents putting it on notice that [Johnson]'s

17   claims against it arose from exposure to asbestos aboard Navy ships at Todd Shipyard" on "at least

18   five separate occasions[.]" *Id.* at 1. First, Johnson argues that PSCC's March 28, 2023 answer to

19   her original complaint and its affirmative defenses therein indicate that her complaint provided

20   sufficient notice that the matter was removable. *Id.* at 7–10; *see* Dkt. No. 30-1 at 240–45 (PSCC's

21   affirmative defenses). Second, Johnson claims that PSCC could have easily ascertained its basis

22

23   ───────────────
     [2] Robert Stubblefield's declaration is dated March 7, 2023, Dkt. No. 2-1 at 23, but Johnson states that this is due to a
24   "scrivener's error," as the declaration was actually signed in 2024, Dkt. No. 41 at 4 n.1; *cf.* Dkt. No. 42 at 41 (Mar.
     15, 2024 email from Johnson's counsel attaching declaration ahead of Stubblefield's upcoming deposition).

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND IMPOSING SANCTIONS - 3

for removal from her May 16, 2023 interrogatories and requests for production of documents that mentioned the U.S. Navy. Dkt. No. 41 at 10–11; *see* Dkt. No. 42 at 8–10 (Johnson's requests for production). Third, Johnson avers that PSCC's June 15, 2023 responses to her discovery requests "prove that it had in fact ascertained from the papers that [her] claims against it involved exposures . . . aboard U.S. Navy vessels." Dkt. No. 41 at 12; *see* Dkt. No. 42 at 12–15 (PSCC's responses). Fourth, Johnson highlights PSCC's July 14, 2023 responses to her interrogatories, which reference the U.S. Navy and other government agencies, as further evidence of its knowledge of the case's removability. Dkt. No. 41 at 12–13; *see* Dkt. No. 42 at 17–22 (PSCC's responses). And fifth, Johnson notes that her March 5, 2024 responses to Defendant Warren Pumps LLC's interrogatories and requests for production of documents "provided PSCC unequivocally clear and certain facts to support removal" because they discuss "Navy personnel" and "Navy vessels" in relation to Stubblefield's work at Todd Shipyard. Dkt. No. 41 at 13–15; *see* Dkt. No. 42 at 24–29 (Johnson's responses). Johnson seeks an award of attorney's fees and costs in connection with her motion to remand. Dkt. No. 41 at 15–17; *see* 28 U.S.C. § 1447(c).

PSCC opposes Johnson's motion, arguing that prior to Robert Stubblefield's declaration and deposition transcript, Johnson "served no document or 'other paper' on PSCC that set forth a direct link between Lonnie [Stubblefield]'s alleged work around asbestos on United States vessels and Todd Shipyards specifically, as opposed to other shipyards where he worked[.]" Dkt. No. 55-1 at 2;[3] *see also* Dkt. No. 1 at 3 (averring in its notice of removal that Robert Stubblefield's testimony "serve[d] as the triggering event for a notice of removal under [Section 1442]").

---

[3] The Court cites herein to PSCC's amended response to Johnson's motion, which it filed following the Court's June 7, 2024 Minute Order. *See* Dkt. Nos. 53, 55. The Court ordered PSCC to file an amended version of its response because its original response, Dkt. No. 45, violated the Court's Standing Order for All Civil Cases, which requires that citations "be included in the body of the briefing" and not in footnotes, "with the exceptions of citations for explanatory and supplemental information." Dkt. No. 10 at 5; *see* Dkt. No. 53. Despite this order, PSCC left the bulk of its citations in footnotes in its amended submission, which includes 19 such citations. *See* Dkt. No. 55-1 at 1–5, 7, 9. The Court accordingly imposes sanctions as described below.

1

## II.   DISCUSSION

2  **A.     Legal Standard**

3         A civil action initiated in state court "against or directed to . . . [t]he United States or any

4  agency thereof or any officer (or any person acting under that officer) of the United States or of

5  any agency thereof, in an official or individual capacity, for or relating to any act under color of

6  such office" may be removed to the district court where the action is pending. 28 U.S.C.

7  § 1442(a)(1). A party removing an action under Section 1442 must demonstrate that "(a) it is a

8  'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken

9  pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable

10 federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)

11 (quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) and *Mesa v. California*, 489 U.S. 121,

12 124–25, 131–35 (1989)); *accord DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023). Unlike

13 removal under Section 1441, where the statute is to be "strictly construed, and any doubts as to the

14 right of removal must be resolved in favor of remanding to state court," removal under Section

15 1442 is not interpreted "so strictly"; instead, courts "interpret section 1442 broadly in favor of

16 removal." *Durham*, 445 F.3d at 1252; *accord DeFiore*, 85 F.4th 546, 553–54.

17         Procedurally, though, as with Section 1441, Section 1446(b) provides two 30-day windows

18 for timely filing a notice of removal. First, if the basis for removal is clear from the face of the

19 complaint, the statute mandates that the notice of removal must be filed "within 30 days after the

20 receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

21 the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *see*

22 *also Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). Alternatively, "if the case stated

23 by the initial pleading is not removable," such notice "may be filed within thirty days after receipt

24 by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order

or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see also Durham*, 445 F.3d at 1250; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

Importantly, courts in the Ninth Circuit do not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham*, 445 F.3d at 1251; *see also Harris*, 425 F.3d at 694 ("[T]he notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). "If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). And for "an amended pleading, motion, order, or other paper" to trigger the second 30-day removal period under Section 1446(b)(3), it "must make a ground for removal unequivocally clear and certain[.]" *Dietrich*, 14 F.4th at 1095.

**B.     PSCC Timely Removed This Action**

1.   <u>Johnson's Initial Pleading Did Not Trigger the Removal Clock Under Section 1446(b)(1)</u>

Johnson first argues that her original complaint set forth a "facially apparent" basis for removal under Section 1442 because PSCC asserted several federal affirmative defenses in its answer. Dkt. No. 41 at 7–10; *see* Dkt. No. 30-1 at 240–45 (PSCC's affirmative defenses).[4] The Court disagrees.

As an initial matter, Johnson does not actually contend that the complaint itself set forth a basis for removal under Section 1442. It did not. *See generally* Dkt. No. 1-2. And for the first 30-day clock under Section 1446(b) to begin, "the ground for removal must be revealed affirmatively in the initial pleading[.]" *Harris*, 425 F.3d at 695; *see also id.* at 694 ("[T]he first thirty-day period

---

[4] Johnson appears to abandon this argument on reply. *See generally* Dkt. No. 47.

for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face."). Otherwise, "defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading." *Id.* at 694; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) ("By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings."); *Bouchard v. CBS Corp.*, No. 11-00458, 2012 WL 1344388, at *8 (E.D. Pa. Apr. 17, 2012) ("If Defendant had removed without averring sufficient facts to remove under § 1442(a)(1), Defendant . . . may well have subjected itself to fees and costs, and potentially Rule 11 sanctions, for filing a baseless notice of removal."). Thus, the Court finds that the case stated by Johnson's initial pleading was not removable. 28 U.S.C. § 1446(b)(3).

Johnson cites two cases in support of the proposition that a removing defendant's affirmative defenses can, by themselves, allow the court to look beyond the four corners of a complaint to determine that a 30-day removal period commenced under Section 1446(b)(1), but neither case dictates a contrary conclusion. In *Eyak Native Village v. Exxon Corporation*, the court analyzed the timeliness of removal on the eve of trial under Section 1446(b)(3), and noted in passing that the removing defendant's "federal preemption defense in its answer" constituted "[f]urther evidence that [it] was aware of the nature of the plaintiffs' claims[.]" 25 F.3d 773, 782– 83 (9th Cir. 1994). However, the court clarified that "the defense of preemption does not support removal," and the defendant's answer was therefore relevant only in the sense that it "indicate[d] that [the defendant] was aware at that time of the nature of the plaintiffs' claims and their possible connection to" the subsequent basis for federal removal. *Id.* at 783. And in *Bouchard v. CBS Corporation*, although the court issued an order granting plaintiffs' motion to remand based on the allegations in the removing defendant's government contractor defense, No. C11-458-RAJ, 2011 WL 13127655, at *2 (W.D. Wash. May 24, 2011), that order was "void when entered" due to a

prior order from the United States Judicial Panel on Multidistrict Litigation transferring the case to another venue, *Bouchard*, 2012 WL 1344388, at *3 & n.2. The transferee court then denied plaintiffs' motion to remand. *Id.* at *3–8.

Thus, as in the prevailing *Bouchard* order, the Court finds that PSCC "was entitled to raise an affirmative defense putting [Johnson] on notice of a federal government contractor defense without possessing the sufficient factual information necessary to properly remove based on § 1442(a)(1)." *Id.* at *8; *cf. Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."). Accordingly, the Court turns to the issue of when the federal officer ground for removal could "first be ascertained from an amended pleading, motion, order, or other paper[.]" *Dietrich*, 14 F.4th at 1093.

> 2.  Robert Stubblefield's Testimony Constituted the First Unequivocally Clear and Certain "Other Paper" Triggering Removal Clock Under Section 1446(b)(3)

Johnson argues that four discovery requests and responses exchanged in state court between May 16, 2023 and March 5, 2024 qualified as an "other paper" sufficient to trigger PSCC's second removal clock under 28 U.S.C. § 1446(b)(3). Dkt. No. 41 at 10–15; Dkt. No. 47 at 2–3. The Court again disagrees. Based on the record before it, the Court finds that Robert Stubblefield's declaration, in concert with his subsequent deposition transcript, provided the first unequivocal clarity that this case was removable under Section 1442.

> (a) *Johnson's May 16, 2023 Request for Documents Was Not Unequivocally Clear and Certain*

The first potential paper Johnson points to is her May 16, 2023 request for documents, in which she asked PSCC to produce: (1) "any correspondence from any customers, including the

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND IMPOSING SANCTIONS - 8

U.S. Navy and other government entities, that forbid you from protecting workers from the dangers of asbestos between 1975 and 1989," (2) "any documents provided to you by the U.S. Navy or other government entities that restricted your ability to protect workers from the dangers of asbestos between 1975 and 1989," and (3) "any specifications issued by the U.S. Navy or any government entity and provided to you between 1975 and 1989 that restricted your ability to protect workers from the dangers of asbestos." Dkt. No. 42 at 10.

Johnson contends that "PSCC could easily ascertain from these three requests that [her] claims implicated actions by the U.S. Navy with regard to [PSCC] protecting workers at Todd Shipyard," or, put another way, "PSCC could not have credibly believed [her] claims bore no connection to Navy ships constructed or repaired at Todd Shipyard[.]" Dkt. No. 41 at 11. But that is not the standard; the "removal clock does not start until a paper makes a ground for removal *unequivocally clear and certain*." *Dietrich*, 14 F.4th at 1091 (emphasis added) (quotation marks omitted). And a party removing a case under Section 1442(a)(1) must be able to establish, among other things, (1) that "there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims," and (2) that "it can assert a colorable federal defense." *Durham*, 445 F.3d at 1251 (quotation marks and citation omitted); *DeFiore*, 85 F.4th at 553.

The information in Johnson's May 16, 2023 request did not unambiguously inform PSCC that she was claiming that Stubblefield was exposed to asbestos while working on U.S. Navy ships at Todd Shipyard, and it therefore did not start the 30-day removal clock. *See Dietrich*, 14 F.4th at 1091; *see also Orange Cnty. Water Dist. v. 3M Co.*, No. 21-55778, 2022 WL 605630, at *1 (9th Cir. Mar. 1, 2022) (concluding that because a document lacked information drawing "a causal connection between [the removing defendant] and the suspected source of the environmental contamination forming the basis of this lawsuit," it "could not have triggered the 30-day removal deadline because it did not clearly and unequivocally apprise [the removing defendant] of the

information necessary to invoke the federal officer removal statute"); *R2B2, LLC v. Truck Ins. Exch.*, No. C21-5585-BHS, 2021 WL 6049552, at *5 (W.D. Wash. Dec. 21, 2021) ("[T]he fact that [the removing defendant] could have ascertained the [basis for removal] by mining either the public record or its own claims files does not mean that the lawsuit itself or plaintiff's subsequent discovery requests put it on notice of the [basis for removal].").

> (b) *PSCC's Responses to Johnson's Discovery Requests Did Not Trigger the Removal Clock*

Next, Johnson claims that two of PSCC's responses to her discovery requests show that she at some point provided unequivocally clear and certain notice that the case is one which is removable. Dkt. No. 41 at 12–13; Dkt. No. 47 at 3. First, she highlights PSCC's June 15, 2023 responses to her discovery requests as proof "that it had in fact ascertained from the papers that [her] claims against it involved exposures . . . aboard U.S. Navy vessels." Dkt. No. 41 at 12. According to Johnson, this is because PSCC "did not object to [her] references to the U.S. Navy or suggest that the requests fell anywhere outside the scope of the subject matter of the litigation," but rather indicated that PSCC "searched for, but failed to locate, responsive documents." *Id.*; *see also id.* (arguing that PSCC "must have understood that this case involved claims of exposure to asbestos aboard Navy ships—particularly where those very same requests included production of over 100 pages of Todd Shipyard daily logs identifying a substantial number of Navy vessels" (citing Dkt. No. 42 at 50–175)); Dkt. No. 42 at 12–14 (PSCC's responses). Second, Johnson maintains that PSCC's July 14, 2023 responses to her interrogatories "provide further evidence that [it] had received notice of the removability of the case under the federal officer or government contractor defense." Dkt. No. 41 at 12–13. Johnson's interrogatory asked PSCC to "[i]dentify by name and contact information individuals known to you with information that tends to support your pleaded defenses." Dkt. No. 42 at 18. As part of its response, PSCC identified Michael Marsh

as a "corporate representative having the most knowledge concerning the history and organization of" PSCC's predecessor, Todd Shipyard, and stated that Mr. Marsh would "testify as to the history and organization of Todd Shipyard Seattle" and "the role of the U.S. Navy, the Maritime Commission, and other government agencies in contracting with private shipyards." *Id.* at 19. In addition, Johnson asked PSCC to "[i]dentify by name all ships that came into your shipyard for repairs or work of any kind between 1975 and 1989," *id.* at 20, and PSCC produced the logs cited above, *id.* at 50–182.

 Johnson derides PSCC for "expect[ing] this Court to believe it had no reason to believe that this case concerned [Stubblefield's] work aboard Navy ships." Dkt. No. 41 at 13 (cleaned up). But again, the question is not whether PSCC had "reason to believe" the case was removable—the question is at what point PSCC received a paper that made "a ground for removal unequivocally clear and certain[.]" *Dietrich*, 14 F.4th at 1095. And while discovery responses can constitute a "paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3); *see Dietrich*, 14 F.4th at 1095, neither of the discovery responses PSCC served on Johnson satisfy the unequivocally clear and certain standard with respect to the contours of Johnson's claims, *see Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (emphasizing that the court "will not charge defendants with notice of removability until they have received a paper that gives them enough information to remove," and that "as long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, a defendant, in effect, may remove at any time." (cleaned up)).

   *(c) Johnson's Response to Warren Pumps' Discovery Request Was Not Unequivocally Clear and Certain*

 Last, Johnson argues that her March 5, 2024 responses to Defendant Warren Pumps LLC's interrogatories and requests for production of documents "remove[d] any potential lingering

doubt" as to the case's removability under Section 1442. Dkt. No. 41 at 13–15; *see also* Dkt. No. 47 at 2–3. These requests and responses state in relevant part: (1) that Stubblefield "was exposed to asbestos between 1976 and 1989 while working as an outside contractor at Todd Shipyard, Lockheed Shipyard, Puget Sound Naval Shipyard, and Lake Union Dry Dock, among other industrial sites," (2) such work included time "in the engineering spaces, where he and his colleagues were exposed to debris created by other shipyard workers, contractors, and Navy personnel that was affixed to, among other materials and equipment, pumps," (3) "Warren Pumps' equipment was essentially ubiquitous onboard Navy vessels," (4) "numerous witnesses and discovery documents identified or exchanged in other cases involving these worksites during the '70s and '80s have confirmed the presence of Warren Pumps' equipment on board different vessels," and (5) Warren Pumps should "cross-reference" the ships identified by Todd, Lockheed, and Lake Union in discovery against its "own records confirming the sale, repair, or use of Warren Pumps equipment onboard." Dkt. No. 42 at 25–26.

However, as PSCC observes, such responses do not "unequivocally state that Lonnie [Stubblefield] was exposed to asbestos during work on Navy vessels at Todd Shipyards specifically," and "do not limit exposure to Warren Pumps to only Naval vessels[.]" Dkt. No. 55-1 at 12–13. Thus, as with Johnson's May 16, 2023 requests, there is sufficient ambiguity regarding the causal nexus between Todd Shipyard's actions, taken pursuant to a federal officer's directions, and Stubblefield's claims of exposure to asbestos. Accordingly, the Court finds these responses fall short of the unequivocally clear and certain standard required to trigger the 30-day removal clock. *See Dietrich*, 14 F.4th at 1091; *Orange Cnty. Water Dist.*, 2022 WL 605630, at *1; *R2B2, LLC*, 2021 WL 6049552, at *5.[5]

---

[5] Johnson attempts to construe counsel for PSCC's email stating that it intended to remove the matter "no earlier than

*(d) Robert Stubblefield's Declaration and Deposition Transcript Provided an Unequivocally Clear and Certain Basis for Removal*

On March 15, 2024, PSCC received Robert Stubblefield's declaration prior to his deposition. Dkt. No. 42 at 41. In this declaration, Stubblefield states that he and his brother worked together "[f]rom approximately the early-to-mid '70s through the late-1980s . . . at Crosby & Overton," and that he remembers working with his brother at "Todd Shipyard, Lockheed Shipyard, Lake Union Drydock, and the St. Regis mill in Tacoma." Dkt. No. 2-1 at 21. He further avers that the two "always worked onboard the ships, usually in the engine rooms" below the other trades, and that "[s]ometimes the people working above [them] were from the Navy or Coast Guard[.]" *Id.* at 22. He attests that the work he and his brother did "was the same at Todd, Lockheed, and Lake Union Dry Dock, except the boats were smaller at Lake Union than at Todd and Lockheed," and that he remembers working with his brother in the same hazardous conditions "on too many occasions to count." *Id.* Notably, while he "could not give specific information about which vessels [they] worked on in what years," Stubblefield remembers that he and his brother "worked on a lot of Navy frigates[.]" *Id.* Then, on March 21, 2024, Robert Stubblefield testified at deposition that he and his brother spent time at Todd Shipyard in every year that they were employed at Crosby & Overton, and that they specifically worked at Todd Shipyard under the hazardous conditions described in his declaration aboard Navy ships and alongside Navy personnel. *Id.* at 34–38, 40–46.

The Court finds that, unlike the ambiguous discovery requests and responses discussed above, Robert Stubblefield's declaration and deposition testimony clearly state that Lonnie

---

April 5" as an explicit acknowledgement that her March 5 responses to Warren Pumps' discovery requests started the 30-day removal period. *See* Dkt. No. 41 at 14; Dkt. No. 47 at 2–4; Dkt. No. 42 at 44. But PSCC's intention to "remove the case *no earlier than* April 5" is not inconsistent with its filing a notice of removal later than April 5. Dkt. No. 42 at 44 (emphasis added).

Stubblefield was exposed to asbestos while working on U.S. Navy ships at Todd Shipyard, thereby starting the clock on the second pathway for removal under Section 1446(b)(3). *See, e.g.*, *Dietrich*, 14 F.4th at 1095; *Bouchard*, 2012 WL 1344388, at *8. Accordingly, the Court finds that PSCC timely removed this case.

       3.   <u>The Court Denies Johnson's Request for Fees</u>

Because the Court finds that removal was timely, it denies Johnson's request for fees. *See, e.g.*, *Arundjit v. Walmart Inc.*, No. 2:23-CV-840, 2023 WL 8803366, at *3 (W.D. Wash. Dec. 20, 2023); *Pelker v. Air & Liquid Sys. Corp.*, No. 3:17-CV-1107-YY, 2018 WL 679642, at *10 (D. Or. Feb. 2, 2018).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Johnson's motion to remand. Dkt. No. 41.

Because PSCC violated the Court's order requiring it to remove citations in footnotes, the Court imposes sanctions of $250. No later than September 9, 2024, PSCC must deliver a $250 check payable to the Clerk of Court. Future violations of Court orders may result in more severe sanctions. In addition, the Court will summarily strike any noncompliant briefs in the future.

Dated this 23rd day of August, 2024.

Lauren King
United States District Judge