UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLEY A. JOHNSON,<br><br>      Plaintiff,<br> v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>      Defendants. | CASE NO. 2:24-cv-00491-LK<br><br>ORDER GRANTING MOTION TO AMEND THE COMPLAINT |

  This matter comes before the Court on Plaintiff Shirley Johnson's Motion to Amend the Complaint. Dkt. No. 71. No Defendant has opposed the motion.

  Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts may decline a motion for leave to amend "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Johnson originally filed her complaint in King County Superior Court in January 2023, and she "now seeks leave to amend her allegations against Defendants to conform to the evidence collected during discovery and the governing pleading standards" in federal court. Dkt. No. 71 at 1. She has filed clean and redlined versions of her proposed amended complaint. Dkt. No. 72 at 23–35. Johnson filed her motion on September 4, 2024, before the September 16, 2024 deadline for amended pleadings. Dkt. Nos. 66, 71.

The Court finds no evidence of undue delay, bad faith or dilatory motive. And given that Johnson's motion is unopposed, there is no indication that amendment would prejudice Defendants. *See, e.g.*, *Larrison v. Ocean Beauty Seafoods, LLC*, No. C20-0906-RSM, 2021 WL 2646450, at *1 (W.D. Wash. Jun. 28, 2021).

Accordingly, the Court GRANTS Johnson's motion to amend her complaint. Dkt. No. 71. She must file a clean version of her amended complaint within seven days of the date of this Order.

Dated this 24th day of September, 2024.

Lauren King
United States District Judge