UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIRLEY A. JOHNSON, <br><br> Plaintiff, <br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al., <br><br> Defendants. | CASE NO. 2:24-cv-00491-LK <br><br> ORDER DENYING MOTION FOR RELIEF FROM DEADLINE |

This matter comes before the Court on Plaintiff Shirley Johnson's motion for relief from the deadline to file her motion to exclude Defendants' expert witnesses. Dkt. No. 125. For the reasons set forth below, the Court denies the motion.

**I. BACKGROUND**

Johnson initiated this action in King County Superior Court on January 24, 2023, as the personal representative of the estate of Lonnie Stubblefield, Sr. Dkt. No. 1-2 at 1. She alleges that Stubblefield, who developed mesothelioma and passed away on December 31, 2022, died as a

result of his exposure to asbestos from products on Defendants' premises or projects. *Id.* at 3; *see also* Dkt. No. 84 (amended complaint).

In August 2024, the parties requested that the Court continue the case schedule, including extending the deadline to file dispositive motions and motions challenging expert witness testimony to December 20, 2024. Dkt. No. 65 at 5. The Court granted the parties' request and extended that deadline accordingly. Dkt. No. 66 at 1–2. On December 20, 2024, Defendants filed dispositive motions and motions to exclude Plaintiffs' experts. Dkt. Nos. 99, 101, 103, 105, 109, 111. Johnson filed a Motion for Partial Summary Judgment Re: Certain Affirmative Defenses. Dkt. No. 106. She refiled the same motion later that day but this time titled it in the Court's electronic filing system as "MOTION to Disqualify or Limit Certain Defense Experts." Dkt. No. 114. Although she filed the wrong document, she emailed her actual *Daubert* motion to Defendants on Saturday, December 21 at 7:06 a.m. Dkt. No. 123 at 7. On December 23, 2024, Johnson filed the Declaration of Ruby K. Aliment in Support of Plaintiff's Fed. R. Evid. 702/*Daubert* Motions to Disqualify or Limit Certain Defense Experts. Dkt. No. 115.[1]

On January 13, 2025, Johnson belatedly filed her correct Fed. R. Evid. 702/*Daubert* Motions to Disqualify or Limit Certain Defense Experts. Dkt. No. 122 at 1. In that filing, she stated that "[d]ue to a clerical error, although correctly labeled as 'Plaintiffs [*sic*] Motion to Disqualify or Limit Certain Defense Experts,' the wrong pleading was filed at Dkt. No. 114" in the Court's electronic filing system. *Id.* The Court struck the filing because it was an untimely motion challenging defense experts, Johnson had not sought relief from the deadline, and the motion did not comply with Local Rule 7. Dkt. No. 124. This motion for relief from the deadline followed.

---

[1] Because the parties filed their cross motions for summary judgment without complying with the briefing schedule in the Court's Standing Order for All Civil Cases, Dkt. No. 56-1 at 45, the Court imposed a cross-motion briefing schedule and struck Johnson's two (duplicative) motions for partial summary judgment, Dkt. Nos. 106, 114. *See* Dkt. No. 116. The Court also struck the trial date and remaining pretrial deadlines, stating that it would reset them if necessary after ruling on the pending motions. *Id.*

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE - 2

## II. DISCUSSION

### A. Legal Standard

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *See id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* In the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6). In evaluating whether a party has been diligent, some courts consider:

> whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.

*United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (citation omitted). As the moving party, Johnson has the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022).

### B. The Court Denies the Motion

Johnson avers that she has been diligent because she thought she filed the motion by the deadline and only realized her clerical error once she did not receive an opposition brief from

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE - 3

Defendants—which would have been due on Friday, January 10, 2025—and when, on the following Monday, the parties requested a telephonic conference with the Court. Dkt. No. 123 at 1–2. Defendants respond that Johnson's motion is not supported by any specific declaration or evidence. Dkt. No. 132 at 2. However, Johnson's counsel filed a declaration with this explanation. Dkt. No. 123. Defendants also note that Johnson's *Daubert* motion was not timely filed or served and that her supporting declaration was filed three days late, Dkt. No. 132 at 2, all of which is true as set forth above.

Johnson was careless in filing the wrong document, failing to confirm that the correct document had been filed in the docket, and failing to notice her error for three weeks. Carelessness is incompatible with a finding of diligence and "offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. In addition, the "technical difficulties" Johnson experienced in filing the supporting declaration do not show good cause because parties are required to "be familiar with and abide by all technical requirements when e-filing with this court."[2] Finally, Johnson should have discovered the error sooner—i.e., when, on December 23, 2024, the Court struck not only her motion for summary judgment, but also what she thought was a motion to exclude defense experts, describing the stricken filings as "cross-motions for summary judgment." Dkt. No. 116. In light of those facts, the Court finds that Johnson has failed to show diligence, and its inquiry ends. *Johnson*, 975 F.2d at 609.

---

[2] https://www.wawd.uscourts.gov/attorneys/e-filing-getting-started (last visited February 3, 2025); *see also* Electronic Filing Procedures for Civil and Criminal Cases at p. 3 (explaining how to flatten pdf files); Dkt. No. 123 at 2 (Johnson's counsel stating that her "IT person was not available to 'flatten' the report, which is why the accompanying declaration, Dkt. No. 115, was filed the following Monday."). Furthermore, although Johnson filed the declaration late—and, unlike with regard to the motion, was aware that she had done so—she did not file either a praecipe or a motion for relief from the deadline with the declaration.

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE - 4

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Johnson's motion for relief from the deadline to file her motion to exclude Defendants' expert witnesses. Dkt. No. 125.

Dated this 3rd day of February, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE - 5